UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br>**Dean Bruce Nash**<br><br>**DEBTOR** | **CASE NO: 15-00025**<br>**CHAPTER: 13**<br><br>NOTICE OF PLAN MODIFICATION AFTER CONFIRMATION, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE |

**I. NOTICE TO CREDITORS AND PARTIES IN INTEREST:** The above-captioned debtor[1] propose a chapter 13 plan and motions that were previously confirmed by this court; debtors now move, pursuant to 11 U.S.C. § 1329(a), Fed. R. Bankr. P. 3015(g), and Fed. R. Bankr. P. 2002(a)(5), to **modify the plan as follows**:

**Amended Paragraph III A: Increased payments to Trustee to bring debtor current.**

This modification to the chapter 13 plan and motions may affect your rights. Failure to object may constitute an implied acceptance of and consent to the relief requested.

**A. ADDITIONS, MODIFICATIONS, OR DELETIONS**: All additions or modifications to the Courts form plan are highlighted by italics. (See SC LBR 3015-2, SC LBR refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) Deletions are noted as Not Applicable or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

**B. DEADLINE FOR FILING OBJECTIONS, OPPORTUNITY FOR NOTICE AND HEARING ON CONFIRMATION OF MODIFIED CHAPTER 13 PLAN AND MOTIONS:** Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is served. Timely objections will be scheduled for hearing and separate notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the modified plan and granting the motions.

**II. MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

A. <u>Nonpossessory, Nonpurchase-Money Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Total of all other liens | Exemption | Estimated security interest/debt | Security interest Not avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| **NONE** | | | | | | |

B. <u>Judicial Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

| Name of creditor and description of property securing lien | Estimated judicial lien | Total of all senior/ unavoidable liens | Applicable Exemption and Code Section | Value of the debtor's interest in property | Judicial lien not avoided | Judicial lien avoided |
|---|---|---|---|---|---|---|
| **NONE** | | | | | | |

C. <u>Valuation of Security</u>: The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Holder and amount of superior liens | Estimate of creditors claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| **Christopher Garner (Judgment)** | $78,000.00 | $85,252.00 | $2,590.00 | $0.00 | $2,590.00 |
| **Graco (Judgment)** | $78,000.00 | $87,842.00 | $17,095.00 | $0.00 | $17,095.00 |

D. <u>Assumption or Rejection of Executory Contract/Unexpired Lease</u>: The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected.

| Name of Creditor and | Amount of regular | Estimated amount of | Cure Provisions for any default | Regular payments to be paid by Debtor directly |
|---|---|---|---|---|

---

[2] For co-owned property, see In re Ware, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

| lease or contract to be assumed | payment | Default (state if none) | paid by (Debtor or trustee) | to creditor beginning (month/year) |
|---|---|---|---|---|
| **Victoria Collins** | $200.00 | None | N/A | Debtor will remain current post 1/2/15 petition date. |

### III. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.

A. <u>Payments from the debtor to the chapter 13 trustee (the trustee)</u>: The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

The debtor shall pay to the trustee the sum of **$1,442.00** per month for a period of **15** months, then **$1,895.00** per month for a period of **45** months, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

**THE FIRST TRUSTEE PAYMENT IS DUE THIRTY (30) DAYS AFTER THE FILING OF YOUR CHAPTER 13 BANKRUPTCY PETITION. YOUR PETITION WAS FILED ON _January 2, 2015_ ; THEREFORE, YOUR FIRST TRUSTEE PAYMENT WILL BE DUE _February 1, 2015_ AND WILL BE DUE THE _1st_ OF EACH MONTH THEREAFTER.**

**HIGHER PLAN PAYMENTS TO BEGIN May 1, 2016.**

**All Trustee payments are to be sent to the following address:**

> **GRETCHEN D. HOLLAND**
> **CHAPTER 13 TRUSTEE**
> **P.O. BOX 1757**
> **MEMPHIS, TN 38101-1757**

B. <u>Payments from the debtor directly to creditors</u>: The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

**IV. PLAN DISTRIBUTIONS TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by

the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:

    A. <u>Attorney for the debtor</u>:

        1. The debtor and the debtors attorney have agreed to an attorneys fee in the amount of **$3500.00** for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of **$3500.00** was paid prior to the filing of the case. The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $1,000.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorneys compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorneys fees in advance of payments to creditors.

        2. If, as an alternative to the above treatment, the debtors attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received **N/A** and for plan confirmation purposes only, the fees and expenses of counsel are estimated at **N/A** or less.

    B. <u>Secured Creditor Claims:</u> The plan treats secured claims as follows:

        1. <u>General Provisions</u>: The terms of the debtors pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to

---

[3] The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4)). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

2. <u>Long-term or mortgage debt. No default</u>: The debtor is current on obligations to N/A and will continue regular payments directly to that creditor. Description of collateral:

**Certus Bank mortgage is being paid by former business partner, therefore, will not be offered any payments in this plan.**

**June Green mortgage is held by Debtor's mother and no payments are being made regarding this debt, at this time.**

3. <u>Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5)</u>:

a. Arrearage payments. The trustee shall pay the arrearage as stated in the creditors allowed claim or as otherwise ordered by the Court to **N/A** at the rate of **N/A** or more per month, for **N/A**, along with **N/A** interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.

b. Maintenance of regular non-arrearage payments. Beginning **N/A**, the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

4. <u>Secured portion of claims altered by valuation and lien avoidance:</u> The trustee shall pay **Christopher Garner (Judgment)** the sum of **$0.00** or more per month, along with **5.25%** interest until the secured claim of **$0.00** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

The trustee shall pay **Graco (Judgment)** the sum of **$0.00** or more per month, along with **5.25%** interest until the secured claim of **$0.00** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

       5. Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien): The trustee shall pay **Polaris (Ranger)** the sum of **$34.00** or more per month, along with **5.25%** interest until the allowed secured claim is paid in full.

The trustee shall pay **Wells Fargo (2003 Ford F350)** the sum of **$155.00** or more per month, along with **5.25%** interest until the allowed secured claim is paid in full.

The trustee shall pay **RSG Building Solutions (Judgment)** the sum of **$583.00** or more per month, along with **5.25%** interest until the allowed secured claim is paid in full.

The trustee shall pay **Kubuto Credit Corporation (Trackloader)** the sum of **$571.00** or more per month, along with **5.25%** interest until the allowed secured claim is paid in full,

**Wells Fargo: 2007 Mazda CX9 VIN, xxxx0727, Debtor's daughter drives this vehicle and makes payments. This vehicle is owned jointly with estranged spouse. Daughter will continue to make timely payments outside the Plan.**

       6. Surrender of property: The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: **Ocwen Loan Servicing (1st mortgage) and Citibank (2nd mortgage) regarding 200 North Mount Tabor Church Road, Easley, SC.** Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

       7. Secured tax debt: The trustee shall pay **SC Department of Revenue** the sum of **$58.00** or more per month until the **net balance** of creditors secured claim plus **5.25%** interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

   C. Priority Creditors: Priority claims shall be paid as follows:

     1. Domestic Support Claims. 11 U.S.C. § 507(a)(1):

       a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO creditor), at the rate of $ (amount) or more per month until the balance, without interest, is paid in full.

       b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

       c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief

from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1322(a)(2).)

   2. Other Priority debt. The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis.

   D. Executory Contracts and Unexpired Leases: Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of **N/A** or more per month by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.

   E. General Unsecured Creditors: General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor **DOES** propose to pay 100% of general unsecured claims.

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

Date: 3-30-16

BY: /s/ Robert H. Cooper
Robert H. Cooper
THE COOPER LAW FIRM
Attorney for Debtor
150 Milestone Way, Ste B
Greenville South Carolina 29615
(864) 271-9911
(864) 232-5236 Fax
thecooperlawfirm@thecooperlawfirm.com

**CERTIFICATE OF SERVICE**

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The list of the specific names and addresses of parties served with the plan is attached to the plan filed with the Court.

~~Label Matrix for local noticing
0420-7
Case 15-00025-hb
District of South Carolina
Spartanburg
Fri Mar 25 15:07:22 EDT 2016~~

~~J. Bratton Davis United States
Bankruptcy Courthouse
1100 Laurel Street
Columbia, SC 29201-2423~~

Anderson County Tax Collector
PO Box 8002
Anderson SC 29622-8002

BellSouth Telecommunications, Inc.
% AT&T Services, Inc
Karen Cavagnaro, Paralegal
One AT&T Way, Room 3A104
Bedminster, NJ 07921-2693

CertusBank
6602 Calhoun Memorial Hwy.
Easley SC 29640-3600

Citibank
2420 Sweet Home Road Ste 150
Buffalo NY 14228-2244

Graco
c/o Theodore Von Keller, Esq.
PO Box 4216
Columbia SC 29240-4216

June Green
6256 White Horse Road
Greenville SC 29611-3843

Les Hendricks, Esq.
PO Box 665
Easley SC 29641-0665

Ocwen Loan Servicing, LLC
PO Box 24737
West Palm Beach FL 33416-4737

Ocwen Loan Servicing, LLC
Attn: Bankruptcy Department
1661 Worthington Rd
Suite 100
West Palm Beach,, FL 33409-6493

AT&T Mobility II LLC
%AT&T SERVICES INC.
KAREN A. CAVAGNARO  PARALEGAL
ONE AT&T WAY, SUITE 3A104
BEDMINSTER, NJ 07921-2693

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Brian K. James, Esq.
PO Box 93
Easley SC 29641-0093

Chase
PO Box 15298
Wilmington DE 19850-5298

Citimortgage
PO Box 6243
Sioux Falls SD 57117-6243

IC System Collections
PO Box 64378
Saint Paul MN 55164-0378

Kubota Credit Corporation
PO Box 9013
Addison, Texas 75001-9013

Ocwen Loan Servicing
c/o Kimberly Thompson, Esq.
501 Minuet Lane #104A
Charlotte NC 28217-2710

Polaris Finance
PO Box 6153
Rapid City SD 57709-6153

Recovery Management Systems Corporation
25 SE Second Avenue
Suite 1120
Miami, FL 33131-1605

All in One Insulation
c/o Larry D. Cohen, LLC
PO Box 30547
Charleston SC 29417-0547

~~Bank of America, N.A.
P O Box 982284
El Paso, TX 79998-2284~~

Cach, LLC
4340 S. Monaco Street, Second Floor
Denver CO 80237-3581

Christopher Garner
993 Hollybush Road
Easley SC 29640-7865

Diane Nash
200 North Mount Tabor Church Road
Easley SC 29640-9282

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia PA 19101-7346

~~Kubota Credit Corporation USA
PO Box 0559
Carol Stream IL 60132-0559~~

~~Ocwen Loan Servicing LLC
3451 Hammond Avenue
Waterloo IA 50702-5345~~

RSG Building Solutions
c/o John Devlin, Esq.
PO Box 10387
Greenville SC 29603-0387

| | | |
|---|---|---|
| Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | Ronnie M. Lusk<br>942 Thomas Mill Road<br>Easley SC 29640 | SC Child Support Enforcement Division<br>PO Box 1469<br>Columbia SC 29202-1469 |
| SOUTHWEST CREDIT SYSTEM<br>PO BOX 115151<br>Carrollton TX 75011 | South Carolina Department of Revenue<br>PO Box 12265<br>Columbia, SC 29211-2265 | Sunrise Credit Services, Inc.<br>PO Box 9100<br>Farmingdale NY 11735-9100 |
| Synchrony Bank<br>Attn: Bankruptcy Department<br>PO Box 530912<br>Atlanta, GA 30353-0912 | THD/CBSD<br>PO Box 6497<br>Sioux Falls SD 57117-6497 | Wells Fargo<br>C/O Bky Dept<br>1 Home Campus<br>Des Moines IA 50328-0001 |
| Wells Fargo Auto Finance<br>PO Box 29706<br>Phoenix, AZ 85038-9706 | Dean Bruce Nash<br>PO Box 37<br>Piedmont, SC 29673-0037 | ~~Gretchen D. Holland<br>Ch. 13 Trustee Office<br>20 Ropers Corners Circle<br>Suite C<br>Greenville, SC 29615-4893~~ |
| ~~Robert H. Cooper<br>The Cooper Law Firm<br>150 Milestone Way, Suite B<br>Greenville, SC 29615-5088~~ | ~~US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly St<br>Suite 953<br>Columbia, SC 29201-2448~~ | |

~~The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).~~

~~Bank of America
PO Box 982235
El Paso TX 79998~~

~~The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.~~

~~(u)Kubota Credit Corporation     (u)Setorus, Inc., as servicing agent for Toda     End of Label Matrix
                                                                                Mailable recipients     43
                                                                                Bypassed recipients      2
                                                                                Total                   45~~